In re: Senaida STEPHENSON, Debtor,

Bruce M. Stephenson; Harold L. Collins, Appellants,

v.

Senaida Stephenson, Appellee.

In re: Senaida Stephenson, Debtor,

Senaida Stephenson, Appellant,

v.

Bruce M. Stephenson; Harold L. Collins, Appellees.

Nos. 00–55478, 00–55506.

D.C. No. CV–98–05186–FMC.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2002.*

Decided July 22, 2002.

Before KOZINSKI and FERNANDEZ, Circuit Judges, and KING,** District Judge.

## MEMORANDUM ***

Bruce Stephenson and Harold Collins appeal the district court's decision, which limited the damages awarded to them and against Senaida Stephenson. We affirm the bankruptcy court.

(1) On appeal, Senaida wishes to have the bankruptcy court's damage decision set aside on the basis that the award was unduly punitive and, therefore, violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. However, she never presented that issue to the bankruptcy court, and we decline to take it up on this appeal. Rather, we affirm the bankruptcy court. *See Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996); *see also United States v. Shaltry (In re Home Am. T.V.-Appliance Audio, Inc.),* 232 F.3d 1046, 1052 (9th Cir. 2000), *cert. denied,* ─── U.S. ───, 122 S.Ct. 39, 151 L.Ed.2d 12 (2001). We, therefore, reject the result reached by the district court after it decided to consider the issue. This is especially appropriate here because the parties expressly stipulated to which issues were to be decided by the bankruptcy court, and did not include this one. *See Operating Eng'rs Pension Trust v. Cecil Backhoe Serv., Inc.,* 795 F.2d 1501, 1507 (9th Cir.1986); *see also DP Aviation v. Smiths Indus. Aerospace & Def. Sys. Ltd,* 268 F.3d 829, 841-43 (9th Cir.2001); *Pierce County Hotel Employees & Rest. Employees Health Trust v. Elks Lodge, B.P.O.E. No. 1450,* 827 F.2d 1324, 1329 (9th Cir.1987).

(2) On appeal Senaida also wishes to have a new consideration of the question of whether the communications were truly confidential. Again, she did not raise that issue in the bankruptcy court; again, we decline to consider it,[1] and we affirm the bankruptcy court as far as that issue is concerned.

(3) Finally, Senaida takes the position that the bankruptcy court should not have considered the act of tapping Bruce's phone, the act of recording what was said, and the act of disclosing what was said as three separate violations each time she did all three things. We disagree. Each of those was a separate wrong. The tap violated one law. *See* Cal.Penal Code § 631. The recording violated another. *See* Cal.Penal Code § 632. The disclosure violated still another. *See* Cal.Penal Code § 637. Thus, her claim that they were not subject to separate penalties is wrong. *See* Cal. Penal Code § 637.2; *Tavernetti v. Superior Court,* 22 Cal.3d 187, 192-93, 583 P.2d 737, 741, 148 Cal.Rptr. 883, 887 (1978); *Friddle v. Epstein,* 16 Cal.App.4th 1649, 1660-61, 21 Cal.Rptr.2d 85, 91-92 (1993).

---

** The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

1. Since the bankruptcy court ruled, the California Supreme Court has clarified the law regarding confidentiality. *See Flanagan v. Flanagan,* 27 Cal.4th 766, 776, 41 P.3d 575, 582, 117 Cal.Rptr.2d 574, 581 (2002). However, that clarification does not, in any way, aid Senaida.

Bankruptcy court AFFIRMED.[2]

**2.** This of necessity means that we REVERSE the district court's decision to the extent that it is contrary to affirmance of the bankruptcy court's decision.

